UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

C&C INVESTMENT PROPERTIES, LLC
and GLEN L. COLLINS                                                                        PLAINTIFFS

VS.                                                                     CIVIL ACTION NO. 3:12cv57-DPJ-FKB

FEDERAL DEPOSIT INSURANCE                                                                  DEFENDANTS
CORPORATION AS RECEIVER
FOR THE HERITAGE BANKING GROUP
and TRUSTMARK NATIONAL BANK

ORDER

This breach-of-contract and fraudulent-inducement action is before the Court on Defendant Federal Deposit Insurance Corporation's Renewed Motion to Dismiss [17]. Although Plaintiffs C&C Investments Properties, LLC, and Glen Collins opposed the FDIC's initial motion, they never responded, apparently relying on their initial memorandum. The Court, having considered the issues and the parties' submissions in light of the applicable standards, finds that the FDIC's motion should be granted.

I.      Facts and Procedural History

Plaintiffs allege in their Second Amended Complaint that they entered into an agreement with Heritage Banking Group to purchase properties Heritage had previously financed and obtained through foreclosure. Heritage agreed to sell these properties for an appraised amount supplied by Heritage which Heritage represented to be at or near the sum it purchased the properties for at foreclosure. Plaintiffs further contend that Heritage represented these prices to be the fair market value or less. Plaintiffs would then renovate the properties and Heritage in turn would refinance the purchases to account for the increased value. At some point, Plaintiffs claim to have discovered that Heritage misrepresented the original appraisals, which were

supposedly higher than the amounts Heritage had paid at foreclosure.  Finally, Plaintiffs allege that Heritage refused to produce the appraisals or refinance the loans, and ultimately foreclosed on the properties.

Plaintiffs filed the initial complaint in state court alleging breach of the duty of good faith and fair dealing, false or grossly negligent representation in the inducement, breach of fiduciary duties, negligence, wrongful foreclosure, breach of contract, and tortious breach of contract. Shortly thereafter, the Leake County Chancery Court declared Heritage insolvent and the state banking regulator appointed the FDIC as the receiver, which was substituted for Heritage in Plaintiffs' lawsuit.  The FDIC then removed the case to federal court under 12 U.S.C. § 1819(b)(2)(B).

On February 23, 2012, the FDIC filed a Motion To Dismiss [8] arguing that Plaintiffs' claims failed as a matter of law because Plaintiffs did not plead that the agreement with Heritage was in writing as required under 12 U.S.C. § 1823(e).  Plaintiffs then moved for leave to amend the complaint and responded to the FDIC's motion.  The Court granted Plaintiffs leave and Plaintiffs filed the Second Amended Complaint [15].  Following the amendment, the FDIC renewed its motion to dismiss [17] for the same reasons stated in its initial 12(b)(6) motion, relying on its earlier briefs by reference.  Although Plaintiffs failed to respond to the FDIC's renewed motion to dismiss, the Court will treat Plaintiffs' response [12] to Defendant's initial motion as the operative response.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v.*

*Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

Finally, it is generally true that "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

III.  Analysis

The FDIC has moved to dismiss Plaintiffs' complaint against it under 12(b)(6) for failure to plead compliance with 12 U.S.C. § 1823(e). This section provides:

> No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—
>
> (A) is in writing,
>
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (D) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e)(1). Further, "any agreement which does not meet the requirements set forth in section 1823(e) of this title shall not form the basis of, or substantially comprise, a claim against the receiver or the [FDIC]." 12 U.S.C. § 1821(d)(9)(A).[1]

Plaintiffs contend that they "entered into an agreement with Heritage" to purchase properties based on Heritage's fraudulent misrepresentations about the appraised value of the properties. Pls.' Second Am. Compl. [15] ¶ 18.

> It was further the agreement of the parties that after the purchase of each of the properties by the Plaintiffs that Plaintiffs would perform renovations to the

---

[1] The broad framework of § 1823(e) substantially codifies parts of the federal common-law *D'Oench Duhme* doctrine, and much of the legal framework for the two is the same. *FDIC v. McFarland*, 33 F.3d 532, 536 (5th Cir. 1994); *see also D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942).

4

>property for which Heritage would provide the Plaintiff a "subject-to" appraisal and also a post renovation appraisal. After the renovations were completed, Heritage agreed to enter into a refinance of the subject properties for the purchase price plus the cost of the renovations with the intention of Plaintiffs selling the properties.

*Id.*

Such agreements meet the definition of an "agreement" under the *D'Oench Duhme* doctrine and § 1823(e) even if predicated by fraud in the inducement. *Kilpatrick v. Riddle*, 907 F.2d 1523, 1527 (5th Cir. 1990) (citing *Langley v. FDIC*, 484 U.S. 86 (1987)). Thus, under § 1823(e), Plaintiffs' agreements with Heritage must be in writing before they will "diminish or defeat the interests of the [FDIC] in any asset acquired under this section." 12 U.S.C. §§ 1821(d)(9)(A), 1823(e). And absent a writing, they may not "form the basis of, or substantially comprise, a claim against the receiver or the [FDIC]." 12 U.S.C. § 1821(d)(9)(A). Yet the Second Amended Complaint fails to suggest that the disputed agreements were in writing.[2]

Plaintiffs' only response to all of this is an effort to factually distinguish *Langley*. *See* Pls.' Mem. [13] at 3–4. The arguments are not persuasive. First, § 1823(e) is not limited to collection actions by the FDIC; it applies to affirmative claims as well. *See Thigpen v. Sparks*, 983 F.2d 644, 648 (5th Cir. 1993) ("[Section 1821(d)(9)(A)] bars assertion of certain agreements as affirmative 'claims' against FDIC (and related entities), *i.e.* as claims for recovery of money or

---

[2]It also appears that the other elements of § 1823(e) have not been met. Plaintiff does not allege that Heritage executed this agreement "contemporaneously with the acquisition of the asset." § 1823(e)(1)(B). There is no assertion the agreement "was approved by the board of directors . . . or its loan committee," nor that any such approval was "reflected in the minutes." § 1823(e)(1)(C). Finally, Plaintiff does not plead that Heritage continuously maintained this agreement as an official bank record. § 1823(e)(1)(D).

property from the coffers of the insolvent institution . . . ."). Second, there is no apparent material distinction when comparing the misrepresentations alleged in this case from those in *Langley*. *See Kilpatrick*, 907 F.2d at 1527. As in *Langley*, Plaintiffs claim that they were induced into a contract by misrepresentations regarding, among other things, the value of the property that was not contained in the written agreement. *Id.* (citing *Langley*, 484 U.S. at 93). Third, § 1823(e) is not limited to those circumstances where the plaintiff intended to mislead. *Id.* ("Unwritten representations . . . would naturally mislead an outside examiner, simply because they were unwritten."); *see also McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 368 (5th Cir. 1993) ("The mere act of failing to properly record an oral loan agreement satisfies *D'Oench, Duhme*'s requirement that a borrower engage in a misleading arrangement." (footnote and citations omitted)). The Court therefore finds that Defendant's Rule 12(b)(6) motion should be granted.

 The final issue is whether to dismiss with prejudice or grant additional leave to amend. *See Hart*, 199 F.3d at 248 n.6. Plaintiffs have not requested leave to again amend, and "it appears that a third chance to amend would prove to be futile." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Plaintiffs are represented by experienced counsel, and their submissions suggest that no written agreements exist. Had they existed, counsel would have referenced them following the FDIC's initial Rule 12(b)(6) motion. It therefore appears that Plaintiffs could not ethically cure the deficiencies when filing the Second Amended Complaint and that the motion to dismiss should be granted with prejudice.

IV.     Conclusion

For the foregoing reasons, the Court finds Plaintiffs have failed to state a claim upon which relief may be granted and Defendant's Renewed Motion to Dismiss [17] should be granted.  Plaintiffs' claims against the FDIC are therefore dismissed with prejudice.  But because it appears that this Order will not finally resolve this civil action, the parties are directed to contact United States Magistrate Judge F. Keith Ball within the next 15 days to set the case for status conference, during which the parties may discuss an new scheduling order and an order lifting the stay.

**SO ORDERED AND ADJUDGED** this the 18th day of March, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE