UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

C&C INVESTMENT PROPERTIES, LLC
and GLEN L. COLLINS                                                                                    PLAINTIFFS

v.                                                                                   CIVIL ACTION NO. 3:12cv57-DPJ-FKB

THE HERITAGE BANKING GROUP, et al.                                                        DEFENDANTS

ORDER

This tortious-breach-of-contract case is before the Court on Plaintiffs' Motion to Compel Responses to Supplemental Interrogatories and Requests for Production of Documents [96], as well as Plaintiffs' Motion for Extension of Time to File Rebuttal [94] in support of their previously filed Motion for Settlement Enforcement [85]. Because the Court concludes that Plaintiffs' discovery requests are "reasonably calculated to lead to the discovery of admissible evidence," the motion to compel is granted. Fed. R. Civ. P. 26(b)(1). And Plaintiffs will be given an extension within which to file a rebuttal in support of their pending Motion to Enforce Settlement Agreement [85].

I.      Facts and Procedural History

Plaintiffs C&C Investment Properties, LLC, and Glen L. Collins initially filed this lawsuit against The Heritage Banking Group in Hinds County Circuit Court on November 12, 2010. The FDIC was thereafter appointed as Heritage's Receiver, was substituted as a defendant in place of Heritage, and, on January 26, 2012, removed the case to this Court. Notice of Removal [1]. Plaintiffs added claims against Trustmark National Bank by way of their March 15, 2012 Second Amended Complaint [15], and Trustmark filed a third-party claim against Charlotte D. Collins and a counterclaim against C&C and Glen Collins [27]. By order dated March 18, 2013, the

Court dismissed the claims against the FDIC and directed the remaining parties—C&C, Glen Collins, Trustmark, and Charlotte Collins—to set the case for a status conference before Magistrate Judge F. Keith Ball.  Order [66].

The remaining parties participated in a status conference with Judge Ball on April 2, 2013.  At that time, Judge Ball set new case-management deadlines.  The matter was ultimately set for a November 14, 2013 settlement conference.  The parties disagree as to the status of settlement negotiations at the conclusion of that settlement conference, although the minute entry and text order entered immediately following the conference indicated that the case did not settle.  *See* Nov. 14, 2013 Minute Entry; Nov. 14, 2013 Text-Only Order.  Following a February 7, 2014 status conference, Judge Ball stayed the case "while the parties continue their attempts at settlement."  Feb. 7, 2014 Text Only Order.  But after an April 4, 2014 status conference, Judge Ball entered a text order setting new case-management deadlines.

On May 13, 2014, Plaintiffs filed a Motion to Enforce Settlement Agreement [85].  In that motion, they assert that the parties agreed, at the November 14, 2013 settlement conference, "upon a 'walk-away' settlement of this suit and any counter-suits free of deficiencies, subject only to the approval of the [FDIC]."  Mot. to Enforce [85] ¶ 1.  That same date, Plaintiffs served interrogatories and requests for production of documents on Trustmark.

In their discovery requests, Plaintiffs seek information and documents regarding discussions between Trustmark and the FDIC related to the alleged settlement agreement reached on November 14, 2013.  *See* Mot. to Compel [96] Exs. A, B.  While their discovery requests were pending, Plaintiffs moved for an extension of time within which to file their rebuttal in support of their Motion for Settlement Enforcement, until after their receipt of Trustmark's

discovery responses. When Trustmark did not timely respond to Plaintiffs' discovery requests, Plaintiffs filed their Motion to Compel [96]. Trustmark responded in opposition [97, 98], and Plaintiffs filed a rebuttal [99]. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Analysis

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Defendant makes no claim of privilege, arguing instead that the question whether the parties reached a settlement contingent only on FDIC approval has already been conclusively determined insofar as the Court's docket entries reflect that the case did not settle at the November 14, 2013 settlement conference. *See* Def.'s Mem. [98] at 5.

Settlement agreements are contracts, so "principles of state law applicable to contracts generally" govern their construction and enforcement. *Lee v. Hunt*, 631 F.2d 1171, 1174 (5th Cir. 1980). Under Mississippi law, "[p]arties to a settlement must have a meeting of the minds." *Estate of Davis v. O'Neill*, 42 So. 3d 520, 527 (Miss. 2010) (citation omitted); *see also id.* ("Generally, an enforceable contract consists of an offer, an acceptance of that offer, and consideration." (citation omitted)). The burden upon the party claiming the existence of a settlement agreement is to prove a meeting of the minds by a preponderance of the evidence. *Howard v. TotalFina E & P USA, Inc.*, 899 So. 2d 882, 889 (Miss. 2005). And while the minute entry and text order indicating that the case did not settle at the November 14, 2013 settlement

3

conference is probative of whether there was a meeting of the minds, the Court does not agree that those mere notations are dispositive. Instead, the Court must decide the issue of the existence of an agreement based on the record as a whole. And the discovery requests seek information at least potentially relevant to that inquiry.

Defendant's only other argument is the poorly explained position that this discovery will give Plaintiffs leverage in further negotiations. Defendant has not explained how this fear renders the information privileged or irrelevant. And absent any other arguments, the motion is granted.

III.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel [96] is granted. Defendant shall respond to the pending discovery within 14 days of the entry of this order. Plaintiffs' Motion for Extension of Time to File Rebuttal [94] is also granted. Plaintiffs shall file their rebuttal 14 days after service of Defendant's discovery responses.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE